IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| CYRILLE KOUAMBO BECKODRO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 624-021 |
| ) | |
| SOUTHEAST TIRE & SERVICES, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. In lieu of objections, Plaintiff has submitted two amended complaints. (Doc. nos. 7, 8.) The Magistrate Judge recommended dismissing the case without prejudice because Plaintiff failed to timely submit an amended complaint providing sufficient evidence of federal jurisdiction. (See doc. no. 5.) As originally filed, and as explained in the order dated May 15, 2024, (doc. no. 4), the complaint provided no factual detail to support Plaintiff's "check the box" assertion that jurisdiction was based on a federal question and diversity of citizenship, as the statement of claim merely detailed a contractual dispute for car repairs in the amount of $1,500.00. (See doc. no. 1, pp. 3-4.)

When the deadline for submitting the amended complaint expired without a response from Plaintiff, the Magistrate Judge recommended dismissal of the case. (See doc. no. 5.)

Nearly one week later, the Clerk of Court received Plaintiff's first amended complaint, along with a letter and documentation explaining unforeseen delay caused by the United States Postal Service caused the untimely response to the Court's order directing Plaintiff to amend his complaint. (See doc. no. 7.) Five days later, the Clerk of Court received and filed a second amended complaint, bearing the same signature date as the first amendment. (See doc. no. 8.) Given the documentation regarding delays in mail delivery, the Court finds no reason to dismiss the case based on a failure to respond to a Court order.

However, upon consideration of the amended complaints, the Court finds the case is due to be dismissed for the additional reason identified in the Magistrate Judge's recommendation regarding lack of subject matter jurisdiction. (See doc. no. 5, pp. 2-3.) Plaintiff again checked the boxes for both federal question and diversity of citizenship as the basis for federal court jurisdiction.[1] (Doc. no. 8, p. 3.) When asked to list the specific federal statutes upon which jurisdiction is based, Plaintiff states, "[F]ederal laws *such as* the Magnuson-Moss Warranty Act and the Consumer Protection Safety Act provide *avenues* for addressing deceptive practices in automotive repairs, allowing foreign citizens to seek relief in federal court." (Id. (emphasis added).) Notably, however, the statement of claim never mentions any provisions of the cited statutes, let alone identifies an avenue for relief by connecting any fact alleged to a legal claim. As to diversity of citizenship pursuant to 28 U.S.C. § 1332(a), Plaintiff has not plausibly alleged the amount in controversy exceeds $75,000. The copy of the invoice attached to the amended complaint lists a "Current

---

[1] The six pages of the form complaint are the same for each amendment, and both pleadings have a signature date of May 24, 2024. (Doc. no. 7, p. 6; doc. no. 8, p. 6.) Because the Clerk of Court attached Plaintiff's letter of explanation and Postal Service documentation to the first amendment that is not relevant to the jurisdictional analysis, and for ease of reference, the Court cites to the second amended complaint docketed on June 18, 2024, (doc. no. 8).

2

Estimate" of $1,599.41 and a balance due of nearly $1,120.00. (Doc. no. 8, p. 10.) "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith," and the Court finds Plaintiff's "check the box" assertion that the controversy is for more than $75,000, in the absence of any factual detail beyond an approximately $1,600.00 car repair bill, is not made in good faith. See Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003).

In sum, Plaintiff did not file an amended complaint providing sufficient factual detail to establish jurisdiction to proceed in federal court. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge, as modified herein, as its opinion, **DISMISSES** this case for lack of subject matter jurisdiction, and **CLOSES** this civil action.

SO ORDERED this 8th day of July, 2024, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA